IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MISHA N. GHADIRI, | ) |
| Plaintiff, | ) |
| WELLMARK, INC. d/b/a Wellmark Blue Cross Blue Shield, | ) Case No. 20-cv-1078 |
| Involuntary Plaintiff, | ) |
| vs. | ) |
| PREMIER MARINE, INC., | ) |
| ABC INSURANCE COMPANY a fictitious insurance company, | ) |
| THE MAIN STORE, INC., | ) |
| and | ) |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) |
| Defendants. | ) |

## **COMPLAINT AND DEMAND FOR A JURY TRIAL**

Comes now Plaintiff, Misha N. Ghadiri, by her attorneys, Doar, Drill & Skow, S.C., and for her claim for relief against Defendants, state and allege as follows:

1. Plaintiff Misha N. Ghadiri is an adult resident of the State of Iowa, with a mailing address of 2264 Plaen View Drive, Iowa City, IA 52246.

2. Defendant Premier Marine, Inc. (hereinafter "Premier Marine") is a Minnesota corporation with a principal place of business at 1308 West Highway 13, Suite 4, Burnsville, Minnesota 55337.

3. At all times material hereto, Defendant ABC Insurance Company had in effect a contract or contracts of insurance under the terms of which it provided liability coverage for Premier Marine for the claims alleged in this complaint. ABC Insurance Company is a proper party to this action pursuant to Wis. Stat. § 803.04(2) and is directly liable to Plaintiff for these damages. At this time, the identity of ABC Insurance Company is unknown.

4. Defendant The Main Store, Inc. (hereinafter "Main Store") is a Wisconsin corporation authorized to do business in the state of Wisconsin, with a principal place of business at 30328 County Road H, Webb Lake, Wisconsin 54830, and a registered agent at that address of Clifford L. Main.

5. At all times material hereto, Defendant West Bend Mutual Insurance Company had in effect a contract or contracts of insurance under the terms of which it provided liability coverage for Main Store for the claims alleged in this complaint. West Bend Mutual Insurance Company is a proper party to this action pursuant to Wis. Stat. § 803.04(2) and is directly liable to Plaintiff for these damages.

6. Involuntary Plaintiff Wellmark, Inc. d/b/a Wellmark Blue Cross Blue Shield, is an Iowa corporation with its principal place of business at 1331 Grand Avenue, Des Moines, Iowa 50309. It claims to have paid medical expenses on behalf of Plaintiff. It further claims to be entitled to subrogation and/or reimbursement of those expenses. Plaintiff asks that Wellmark, Inc. be put to its proof of any interest in this action or its proceeds and, absent an answer and such proof, that the purported subrogation and/or reimbursement claim be extinguished.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the Plaintiff is a citizen of the state of Iowa, Premier Marine is incorporated and has its principal place of business in Minnesota, the Main Store is incorporated and has its principal place of business

in Wisconsin, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

8. Venue is proper within the Western District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claim occurred within it.

## **COMMON ALLEGATIONS**

9. Upon information and belief, Weeres Industries, Inc., manufactured a 2010 Weeres Cadet 200 SE Cruise pontoon boat with a boat hull identification number WRSSP752F910 (hereinafter "Pontoon") sometime prior to July 29, 2009.

10. Upon information and belief, Defendant Main Store, rents and sells marine equipment, boats and other recreational equipment.

11. Upon information and belief, on or about June 4, 2009, the Pontoon was sold to William Whitmore by Defendant Main Store.

12. Upon information and belief, Premiere Marine, purchased Weeres Industries, Inc. in mid-2011 from Clearwater Marine, Inc. and is responsible for its liabilities stemming from Plaintiff's injuries.

13. On or about August 9, 2018, Misha Ghadiri was a passenger on the Pontoon, traveling on Birch Island Lake, a non-navigable waterway, in Burnett County, Wisconsin, and using the Pontoon in a reasonably foreseeable manner.

14. On or about August 9, 2018, Misha Ghadiri severely injured her finger when it was caught in the pinch point of the pontoon boat gate, which had only a ball guard, while jumping off of the boat into the lake.

15. As a result of the accident which occurred on August 9, 2018, Misha Ghadiri had her fifth digit amputated.

16. As a result of the accident, Misha Ghadiri incurred pain, suffering, permanent disability, hospital and medical expenses, loss of earnings and earning capacity and will continue to incur said losses into the future, all to her damage.

17. Prejudgment interest from the date of the accident is claimed.

18. Plaintiff has suffered damages in the amount in excess of $75,000 to be proven at trial.

### COUNT I – STRICT LAIBILITY FOR PREMIER MARINE, INC.

19. Plaintiff incorporates the above paragraphs, inclusive, as those set forth herein at length.

20. Defendant Premier Marine, and/or its predecessor in interest, were engaged in the business of manufacturing, distributing, and/or selling the Pontoon.

21. The Pontoon was manufactured, distributed and sold by Defendant Premier Marine, and/or its predecessor in interest, on which the Plaintiff was injured, had one or more defects which made the product defective and unreasonably dangerous.

22. The defects were present at the time the Defendant Premier Marine, and/or its predecessor in interest, sold and distributed it.

23. The defects in the Pontoon were a cause and a substantial factor of the Plaintiff's injuries.

24. The Pontoon was designed, manufactured, sold, and distributed by Defendant Premier Marine, and/or its predecessor in interest, in a defective condition that created a foreseeable risk of harm which could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, the omission of which rendered the Pontoon and its gate not reasonably safe. Specifically, the guarding of the Pontoon's gate featured a ball guard, rather than a wedge guard or other more effective guarding.

25. The Pontoon as designed, manufactured, sold and distributed by the Defendant Premier Marine, and/or its predecessor in interest, was in a defective condition that rendered it unreasonably dangerous.

26. The Pontoon as designed, manufactured, sold and distributed by the Defendant Premier Marine, and/or its predecessor in interest, was in substantially the same condition as when it was manufactured, sold and distributed by those Defendants.

## COUNT II – NEGLIGENCE AGAINST PREMIER MARINE

27. Plaintiff incorporates the above paragraphs, inclusive, as those set forth herein at length.

28. Defendant Premier Marine, and/or its predecessor in interest, created an unreasonable risk of injury or damage to the user or owner of the pontoon boat.

29. By using a ball guard on the gate's pinch point, the Pontoon was negligently designed and manufactured which made the product unsafe to its user or owner when used for its foreseeable purpose.

30. The Pontoon's defect was result of Premier Marine, and/or its predecessor in interest's, failure to use reasonable care in the design and manufacture of the boat.

31. The negligence was a cause of Plaintiff's injuries.

## COUNT III – STRICT LIABILITY FOR THE MAIN STORE

32. Plaintiff incorporates the above paragraphs, inclusive, as those set forth herein at length.

33. Defendant Main Store was engaged in the business of distributing and/or selling the Pontoon.

34. The Pontoon on which the Plaintiff was injured was sold by Defendant Main Store, and had one or more defects which made the product defective and unreasonably dangerous.

35. The defects were present at the time the Defendant Main Store sold and distributed it.

36. The defects in the Pontoon were a cause and a substantial factor of the Plaintiff's injuries.

37. The Pontoon was sold and distributed by Defendant Main Store in a defective condition that created a foreseeable risk of harm which could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, the omission of which rendered the Pontoon and its gate not reasonably safe.

5

38. The Pontoon as sold and distributed by the Defendant Main Store was in a defective condition that rendered it unreasonably dangerous.

39. The Pontoon as sold and distributed by the Defendant Main Store was in substantially the same condition as when it was designed, manufactured, sold and distributed by Defendant Premier Marine, and/or its predecessor in interest.

40. Plaintiff would be unable to enforce a judgment against Weeres Industries, Inc.

41. Defendant Premier Marine has represented that Plaintiff would be unable to enforce a judgment against it arising from her injuries.

42. Weeres Industries, Inc. is not subject to service of process within the State of Wisconsin.

43. Premier Marine is not subject to service of process within the State of Wisconsin.

44. The Plaintiff is unable to enforce a judgment against the manufacturer or its insurer, or if they are not subject to service of process in the State of Wisconsin, Main Store, as seller or distributor of the Pontoon, is liable based a claim of strict liability. Wis. Stat. § 895.047 (2)(a)(3).

    WHEREFORE, the Plaintiff requests judgment against the Defendants as follows:

    A.    Damages to the full extent of coverage under the policy;

    B.    Additional compensatory damages;

    C.    Prejudgment interest;

    D.    Reasonable costs and attorney's fees;

    E.    Such other and further relief as the court deems just and proper.

Dated: December 2, 2020

                                DOAR, DRILL & SKOW, S.C.

Signed: _____
Matthew A. Biegert
Wis. State Bar No. 1000368
Attorneys for Plaintiff
P.O. Box 388
New Richmond, WI 54017-0388
mbiegert@doardrill.com
(715) 246-2211

A TWELVE PERSON JURY TRIAL IS DEMANDED